No. 21,799.

THE STATE OF KANSAS, ex rel. L. E. GOODRICH, as County Attorney, etc., and J. C. RICHCREEK, *Appellees and Appellants,* v. THE BOARD OF EDUCATION OF THE CITY OF OSWEGO, *Appellant and Appellee.*

### SYLLABUS BY THE COURT.

1. BONDS—*School Buildings—Limit of Total Indebtedness—Application to Vote Additional Amount—Place of Hearing.* Under chapter 257 of the Laws of 1911, a board of education or a school district may issue bonds for the erection of school buildings in excess of the amount permitted under the general limitations, if authority therefor is given by the board of school-fund commissioners; and the application for such authority is to be heard at the county seat of the county from which the application comes, upon due notice of the time and place fixed for

The State, *ex rel.*, v. Board of Education.

the hearing, and a valid order may not be issued unless the hearing is had at the prescribed place.

2. SAME. It is not essential to the validity of the order that it should be signed by the officers at the place fixed for the hearing.

Appeal from Labette district court; ELMER C. CLARK, judge. Opinion filed June 8, 1918. Affirmed.

*Nelson Case*, and *Elmer W. Columbia*, both of Oswego, for the appellant.

*Archie D. Neale*, of Chetopa, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action by the state against the board of education of Oswego to enjoin a bond issue to the amount of $30,000 previously voted by the electors of the district for the erection of a school building, and also to prevent the board from contracting for the construction of the building. Several grounds of illegality in the election and in the preliminary procedings were alleged by the plaintiff; but the only one sustained by the trial court was that the proposed issue was in excess of the legal limitation. For that reason the issue of bonds was enjoined, and from that judgment the defendant appeals.

Oswego is a city of the second class, and under a statutory limitation a board of education of a city of that class may not issue bonds which, with existing indebtedness, will exceed 2¼ percent of the authorized valuation of the district. (Gen. Stat. 1915, § 9147.) In another statute an exception to the general limitation is made, by which the board of school-fund commissioners may authorize an election for an increased amount for the purpose of erecting school buildings. (Laws 1911, ch. 257, Gen. Stat. 1915, §§ 10890-10893.) The valuation of the property of the district is $1,730,225 and 2¼ percent of that valuation is $38,930.06. The existing indebtedness of the district is $22,256.62, and deducting that sum from the authorized issue under the general limitation leaves the sum of $16,673.44 as the total amount the board could issue without obtaining special permission under chapter 257 of the Laws of 1911.

Recognizing that it could not issue bonds in the amount of $30,-000 without special authority of the school-fund commissioners, application was made for that authority, and an order was signed by the commissioners granting the district permission to vote bonds in any sum within the limitations of the law, including that in chapter 257 of the Laws of 1911. The validity of this order was drawn in question, and the trial court after hearing the evidence found, among other things, that the evidence did not prove that permission to vote bonds had been obtained by a proper petition; that no notice of an intention to file such an application was given; and that a day was not set for a hearing of the application at the county seat of Labette county. The court also found that if it should indulge the presumptions that these things had been done, it must still find from the evidence in the case that the hearing was not had nor the order made at the county seat of Labette county. The controlling statute, after providing for the application and the petition, and also for the notice of an intention to file the application, provides:

"The said ·application shall be heard by the board of school-fund commissioners upon a day fixed, and the board of education or school district board be so notified; and which hearing shall be at the county seat of the county whence the application comes; and the said board shall make an order either granting or denying said application;" etc. (Laws 1911, ch. 257, § 4, Gen. Stat. 1915, § 10892.)

The provision is imperative that the application must be heard at the county seat of the county in which the district is situated. The legislative purpose appears to be to afford those interested in securing or resisting the application an opportunity to attend the hearing without the inconvenience or expense of going to the offices of the commissioners at the state capitol, and also better to enable the commissioners to ascertain whether the proposed issue of bonds is necessary and prudent. The fact that the order was signed at Topeka, and not at Oswego, does not render the order invalid. The statute does not in terms provide where the order shall be signed, and, in the absence of a specific direction, it must be assumed that it may be done at their office in Topeka, where their records are kept and where all official acts are to be performed, except such as are expressly required to be done elsewhere. No discretion, however, is vested in the commis-

sioners in respect to the place where the hearing is to be held. A hearing at the county seat, upon due notice of the time and place, is essential to the validity of the order authorizing an additional issue of bonds. Defendant claims that the finding of the court as to the place of hearing is not supported by the evidence, but the evidence in the case is not preserved. Defendant contends and has a statement in the record to the effect that the order of the commission was the only evidence as to the action of the commissioners; while the defendant says, and the trial court in the entry of judgment, including the findings, recites that "the court finds from the evidence herein, that the hearing was had and such order made in the city of Topeka, Kansas, and outside of the county of Labette." In that state of the record it cannot be held that the finding is without support.

The defendant complains of a ruling of the court permitting the plaintiff to amend the petition by adding an averment that the indebtedness created by the proposed bonds would be in excess of the amount allowed by law. The defendant had an opportunity to meet this claim and the testimony offered under it, and it can be said at least that no prejudice to the defendant resulted from it.

The right to enjoin the entering into the contract for the construction of the building was not contested, and the result reached renders it unnecessary to determine the other questions presented by the respective parties.

The judgment of the district court is affirmed.